IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NAUGHFLEY BOSWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-00839-SMD |
| | ) | |
| CITY OF MILLBROOK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER & OPINION**

Plaintiff Naughfley Boswell ("Boswell") was arrested by the Millbrook Police Department on July 1, 2019, and charged with obstructing government operations. These charges were later dismissed pursuant to a plea agreement involving a separate traffic offense. Almost two years and six months later, on December 26, 2021, Boswell filed this 42 U.S.C. § 1983 action against the City of Millbrook, the Millbrook Police Department, and officers C.E. Perez and J.A. Williams in both their individual and official capacities ("defendants"). Counts One and Two allege false arrest, illegal seizure, and assault in violation of the Fourth and Fourteenth Amendments. Compl. (Doc. 1) ¶¶ 10, 16. These claims accrued on the date of Boswell's arrest and are time barred. Count Three alleges that the Millbrook Police Department violated Boswell's Fifth and Sixth Amendment rights by charging him a small copying fee for copies of police video and reports he requested as discovery in his criminal case. *Id.* at ¶¶ 18-23. Boswell has failed to produce any evidence showing a constitutional violation on this claim. Accordingly, defendants'

motion for summary judgment (Doc. 20) is **GRANTED**, and Boswell's claims are **DISMISSED** in their entirety **WITH PREJUDICE**.

I. <u>**JURISDICTION**</u>

This Court has federal question jurisdiction because Boswell's § 1983 claims arise under federal law. 28 U.S.C. § 1331.

II. <u>**LEGAL STANDARD**</u>

<u>**Summary Judgment**</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of the plaintiff's claim dictate which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact will not affect the outcome of the case under the governing law. *Id.* "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex*, 477 U.S. at 331 (White, J., concurring).

The court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001). However, a mere scintilla of evidence in support of a claim is insufficient; the nonmovant must

produce sufficient evidence to enable a jury to rule in his favor. *Id.* The Eleventh Circuit explains that "[s]imply put, the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (internal quotes and citations omitted).

### III.     UNDISPUTED FACTS

Boswell was arrested on July 1, 2019, for obstructing government operations. Compl. (Doc. 1) ¶ 7; Complaint, *Millbrook v. Boswell*, No. 19-1438 (Millbrook, Ala. Municipal Ct.)(Doc. 20-5) p. 2. Boswell filed a request for discovery in the Municipal Court case that included a request for any and all law enforcement body cam and dash cam videos. Request for Discovery (Doc. 20-5) pp. 8-10. Boswell's discovery request did not allege that he was indigent or request a waiver of copying fees. *Id.* The Millbrook Police Department charges a standard $35 copying fee for copies of videos and CDs and a $5 copying fee for reports unless ordered to waive or reduce copying fees by the court. Chief P.K. Johnson Depo. (Doc. 20-4) pp. 4-6.

Boswell stipulated to the facts in Municipal Court and requested a de novo jury trial in Circuit Court. Request for Discovery (Doc. 20-5) pp. 13, 14. The case was dismissed on June 15, 2021, pursuant to a plea agreement where Boswell agreed to pay an unrelated traffic ticket. *Id*. at 17-23; Boswell Dep. (Doc. 24-1) p. 10. Boswell filed this lawsuit on December 26, 2021. Compl. (Doc. 1). His complaint pleads three § 1983 counts. *Id*. pp. 2-4. Count one alleges "illegal seizure; restraint on an illegal false arrest; and assault" and "unlawful search and seizure" in violation of the Fourth and Fourteenth Amendments. *Id.*

3

at ¶¶ 10-11.  Count two alleges "false arrest" in violation of the Fourth and Fourteenth Amendments.  *Id*. at ¶ 16.  Count three alleges that the Millbrook Police Department's copying fee for dash and body cam video that he requested as discovery in his criminal case violated his Fifth Amendment due process rights and his Sixth Amendment fair trial rights.  *Id*. at ¶¶ 19-21.

### IV.  ANALYSIS

#### A.  Counts One and Two are Time Barred.

All §1983 claims are subject to the general personal injury statute of limitations in the state where the action is filed.  *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). In Alabama that limitations period is two years.  *Id.*  Boswell was arrested on July 1, 2019, and he filed this action well over two years later on December 26, 2021.  Defendants' answer pleads the statute of limitations as an affirmative defense (Doc. 7) ¶ 28, but they have not argued it in their motion for summary judgment. (Doc. 21) p. 2.

The Court may *sua sponte* dismiss claims on limitations grounds if it is apparent from the face of the complaint that the claim is time-barred.  *Quire v. Smith*, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021); *Rogers v. United States*, 569 F. App'x 819, 821 (11th Cir. 2014).  The Court should typically afford the parties fair notice and an opportunity to respond before doing so.  *Id.*  By Show Cause Order dated February 8, 2023, the undersigned ordered Boswell to show cause why counts one and two should not be dismissed as time barred. Order (Doc. 27).  The order also allowed defendants to provide their position on the limitations issue.  *Id.*  Boswell and defendants all responded to the Show Cause Order. Resp./Reply (Docs. 36, 37, & 38).

In his response, Boswell concedes that his § 1983 claims are governed by a two-year statute of limitations. Resp. (Doc. 36) ¶ 6.  He argues that counts one and two are not time-barred because he is bringing malicious prosecution claims that did not accrue until the prosecution terminated in his favor on June 16, 2021.  *Id.* at ¶¶ 7-11.  Defendants correctly respond that counts one and two only assert claims for false arrest and unlawful seizure and cannot be reasonably read as asserting malicious prosecution claims.  Reply (Doc. 37).

In making the "determination of *what claims plaintiff has actually raised . . .* we are bound by the contents of the plaintiff's pleadings, even on summary judgment." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005) (emphasis original).  Boswell cannot amend his complaint through arguments made in his briefs. *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013).  Boswell is represented by counsel, and his complaint is not entitled to the liberal construction afforded *pro se* pleadings.  *Bochese*, 405 F.3d at 898 n. 5; *Mena v. McArthur Dairy, LLC*, 352 F. App'x 303, 309 (11th Cir. 2009).

Examining the complaint here, count one is curiously styled as "Fourth Amendment Retaliation (Fourteenth Amendment)."  Compl. (Doc. 1) p. 2.  It alleges that "the Defendants' . . . **illegal seizure**; **restraint** on an **illegal false arrest**; and **assault** constitute retaliation against Plaintiff [sic] effort to engage in normal everyday exercise of his personal freedom[.]" *Id.* at ¶ 10 (emphasis added).  Count one further alleges that "sitting in your yard of your own home is a clearly established Fourth Amendment Right against **unlawful search and seizure**[,]" and that "Defendants [sic] **decision to have Plaintiff**

5

**arrested** constitutes official municipal action. *Id.* at ¶¶ 11, 13 (emphasis added). Count two alleges that "Defendants acted under color of state law by **falsely detaining and arresting** the Plaintiff in his own yard with no basis in fact or law to do so. In violating plaintiff's right to be free from **false arrest**, Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments[.]" *Id.* at ¶ 16 (emphasis added). Although inartfully pleaded, counts one and two are plainly Fourth Amendment false arrest claims. There is absolutely no mention in either count of Boswell's prosecution, and they cannot be reasonably interpreted as pleading malicious prosecution claims.

Section 1983 claims sounding in false arrest accrue on the date of the plaintiff's arrest. *Wallace v. Kato*, 549 U.S. 384, 388-392 (2007); *Quire v. Smith*, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021). Boswell was arrested on July 1, 2019, and he filed this action almost two-and-a-half years later on December 26, 2021. Compl. (Doc. 1) ¶ 7. Therefore, counts one and two are time barred.

Finally and regrettably, the undersigned feels compelled to note that Boswell's current argument that counts one and two are malicious prosecution claims appears to be made in bad faith. Boswell's counsel drafted and signed the complaint. Compl. (Doc. 1) p. 5. In his response to defendants' motion for summary judgment, he states in clear and unequivocal language that **"[i]n Counts I and II, the Plaintiff brings this action for the illegal arrest."** Resp. (Doc. 23) p. 2 (emphasis added). This is his honest characterization of the claims he drafted, and there is absolutely no mention of malicious prosecution in his argument. (Doc. 23) pp. 2-4. Now, when confronted with the limitations issue, he argues that counts one and two are malicious prosecution claims. The undersigned reminds

Boswell's counsel that he has a duty of candor to this Court, and his dishonest shift in position on the nature of his claims makes a mockery of both the judicial process and his ethical obligations as a lawyer.

### B. Boswell Has Failed to Show a Constitutional Violation on Count III.

In count three, Boswell alleges that the Millbrook Police Department violated his Fifth Amendment[1] due process rights and Sixth Amendment "fair trial" rights by charging a fee for copies of dash cam and body cam videos and other records he requested as discovery in the municipal court criminal case. Compl. (Doc. 1) ¶¶ 18-23. The undisputed summary judgment record shows that Boswell filed a request for discovery in his municipal court case requesting, *inter alia*, all law enforcement body cam and dash cam videos. (Doc. 20-5) pp. 8-10. The discovery request does not assert that Boswell is indigent or request a waiver of fees. *Id.* The Millbrook Police Department charges a standard $35 copying fee for copies of videos and CDs and a $5 copying fee for reports unless ordered to waive or reduce copying fees by the court. Chief P.K. Johnson Depo. (Doc. 20-4) pp. 4-6. Boswell paid the copying fee and obtained copies of the requested videos. *Id.* He filed the body cam video from Officer Williams as Exhibit 5 in opposition to summary judgment and references it extensively in his opposition brief. Resp. (Doc. 23) pp. 2, 3.

---

[1] The Fifth Amendment applies to the federal government while the Fourteenth Amendment applies to the states. *See, e.g., Screws v. United States*, 325 U.S. 91, 123 (1945) ("[t]he Fifth Amendment contains a due process clause as broad in its terms restricting federal power as the fourteenth is of state power"). Plaintiffs alleging due-process violations against state or municipal actors must bring their claims under the Fourteenth Amendment, not the Fifth. *Green v. Freeman*, 434 F. Supp. 2d 1172, 1176 (M.D. Ala. 2005).

Boswell has not cited any authority supporting the proposition that charging a small copying fee for copies of police videos and reports requested in criminal discovery is a constitutional violation. (Doc. 23) at 4. The only case that Boswell cites in support of count three is *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* A *Brady* violation has three components: (1) the evidence must be favorable to the accused either because it is exculpatory or impeaching, (2) the evidence must have been suppressed by the State, and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). A § 1983 claim premised on an alleged *Brady* violation requires conduct that is more than mere negligence "which in turn causes a defendant to be convicted at trial." *Porter v. White*, 483 F.3d 1294, 1308 (11th Cir. 2007).

The undisputed evidence here shows that there was no suppression of any evidence and that the charge against Boswell was dismissed pursuant to a plea agreement. Boswell obtained the police videos and reports he requested by paying a small copying fee, and he was not convicted at trial. Therefore, Boswell has failed to establish the elements a § 1983 claim grounded on an alleged *Brady* violation.

## V.     CONCLUSION

For the above-stated reasons, it is

**ORDERED** that defendants' motion for summary judgment (Doc. 20) is **GRANTED**, and Boswell's claims are **DISMISSED** in their entirety **WITH PREJUDICE**.

DONE this 6th day of March, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE